# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELESTINO DE JESUS VEGA,<br><br>　　　　　　　　　　　　Plaintiff,<br>vs.<br><br>SAXON MORTGAGE SERVICES, INC.;<br>HOMEQ SERVICING; REGIONAL<br>TRUSTEE SERVICES CORPORATION;<br>and DOES 1-X, Inclusive,<br><br>　　　　　　　　　　　　Defendant. | CASE NO. 08-CV-2194-IEG (CAB)<br><br>**ORDER GRANTING SAXON MORTGAGE SERVICES, INC.'S MOTION TO DISMISS**<br><br>**(Doc. No. 4)** |

Presently before the Court is defendant Saxon Mortgage Services, Inc.'s ("Saxon") motion to dismiss plaintiff's complaint for failure to state a claim upon which relief can be granted. For the reasons stated herein, the Court grants Saxon's motion.

## BACKGROUND

Plaintiff Celestino de Jesus Vega ("Vega"), proceeding *pro se*, brings this suit in an apparent attempt to reverse the foreclosure on the deed of trust ("deed") on his home, located at 211 Rainbow Lane in Oceanside, California ("property"). Defendant Regional Trustee Services, Inc. ("Regional") is the trustee on the deed, and Saxon is the servicer of plaintiff's home loan. Plaintiff alleges that both defendants were agents of the deed's beneficiary. After plaintiff defaulted on his loan agreement, a notice of default was recorded against the property. The complaint alleges that on September 4, 2008,

1  "defendants" conducted a trustee's sale of the property.[1]

2  Plaintiff filed a complaint in the Superior Court of San Diego County on October 30, 2008. On November 26, 2008, Saxon removed the action to federal court. (Doc. No. 1.) Saxon filed a motion to dismiss the complaint on December 5, 2008 (Doc. No. 4,) and a response in support of its motion on January 26, 2009. (Doc. No. 5.) Plaintiff did not file an opposition to Saxon's motion. The Court finds the motion suitable for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1).

**DISCUSSION**

I.  Legal Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2009). A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir.1996). To a void a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citation omitted). In spite of the deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). The Court recognizes the mandate to construe a pro se plaintiff's pleadings liberally in determining whether a claim has been stated. Ortez v. Washington County, 88 F.3d 804, 807 (9th Cir. 1996).

---

[1] Saxon explains that it initiated the foreclosure as an agent for the deed's beneficiary.

## II. Plaintiff's Complaint

Plaintiff's allegations against all defendants are concentrated in Paragraph V of his sparse complaint. Although it is difficult to discern which causes of action plaintiff intends to bring, Saxon argues and the Court agrees that plaintiff's allegations can be distilled into the following arguments:

> A. Defendants engaged in unfair business practices;
> B. Defendants committed civil rights violations;
> C. Defendants engaged in predatory lending;
> D. Defendants lacked authority to foreclose;
> E. Defendants made intentional misrepresentations to plaintiff; and
> F. Defendants committed unspecified violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §§ 1692, *et seq.*

The Court addresses each of these allegations below.

## III. Plaintiff's Unfair Business Practices, Civil Rights Violations and Predatory Lending Claims

Plaintiff's sole allegations in support of his claims for "unfair business practices," "civil rights violations," and "predatory lending" are as follows:

> Beginning on or about November 2007 and continuing to the present time, Defendant(s) have wrongfully and unlawfully entered into the Unfair Business Practice of continually harassing Plaintiffs' (sic) by constantly calling during the day and evening, threatening foreclosure, and attempting to pressure and extort Plaintiff into making financial arrangements for the settlement of past due debts that are completely unfair and unacceptable. Plaintiff's civil rights have been violated. Plaintiff is the victim of "predatory lending" with respects (sic) to the high interest rates, unfathomable prepayment penalties that made it impossible for Plaintiff to seek and obtain new financing, unreasonable monthly payment adjustment amounts and adjustment dates.

(Compl. ¶ V.)

Even affording plaintiff's complaint the special consideration given to *pro se* claimants, plaintiff's allegations fail to present a cognizable legal theory or facts sufficient to support a cognizable legal theory. Plaintiff's allegations do not even rise to the level of "a short and plain statement of the claim showing that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). Plaintiff has not identified a term of the loan agreement or a statute that the defendants have purportedly violated. Plaintiff has also failed to allege which civil rights he believes have been violated not does he state a single action by defendants that constitutes a violation of his civil

1  rights. Although the Court must assume plaintiff can prove the facts he alleges in his complaint, it
2  may not assume that Saxon has violated the law in ways that have not been alleged. <u>Associated</u>
3  <u>Gen. Contractors</u>, 459 U.S. at 526. Accordingly, plaintiff's "unfair business practices," "civil
4  rights violations," and "predatory lending" claims are dismissed.

5  IV.     <u>Plaintiff's Intentional Misrepresentation Claim</u>

6           Plaintiff also appears to allege defendants committed the tort of intentional
7  misrepresentation. His sole factual and legal allegations supporting this cause of action are that he
8  is "ignorant of the terms of the ["original mortgage"] notes and has never been made to understand
9  the terms, and has been purposely mislead (*sic*) and misrepresented." (Compl. ¶ V.)

10          To state a claim for the tort of deceit based on intentional misrepresentation, plaintiff must
11 allege the following elements: "(1) the defendant represented to the plaintiff that an important fact
12 was true; (2) that representation was false; (3) the defendant knew that the representation was false
13 when the defendant made it, or the defendant made the representation recklessly and without
14 regard for its truth; (4) the defendant intended that the plaintiff rely on the representation; (5) the
15 plaintiff reasonably relied on the representation; (6) the plaintiff was harmed; and (7) the plaintiff's
16 reliance on the defendant's representation was a substantial factor in causing that harm to the
17 plaintiff." <u>Manderville v. PCG&S Group, Inc.</u>, 146 Cal. App. 4th 1486, 1498 (Cal. Ct. App.
18 2007).

19          Plaintiff has failed to satisfy the pleading requirements for a claim of intentional
20 misrepresentation. Most notably, plaintiff has not identified a single untrue statement made by
21 Saxon or a single term in the loan documents that is untrue. Although plaintiff claims that he is
22 ignorant of the terms of his loan documents, it does not follow that a misstatement by Saxon is the
23 cause. The Court must not assume plaintiff "can prove facts the [he] has not alleged. . . ."
24 <u>Associated Gen. Contractors</u>, 459 U.S. at 526. Accordingly, plaintiff's intentional
25 misrepresentation claim is dismissed.

26 V.      <u>Plaintiff's Federal Fair Debt Collection Practices Claim</u>

27          Plaintiff alleges "Defendant(s) have committed many unlawful acts under the Fair Debt
28 Collection Practices Act." (Compl. ¶ V.) "The [FDCPA] prohibits debt collectors from making

1  false or misleading representations and from engaging in various abusive and unfair practices."
2  Heintz v. Jenkins, 514 U.S. 291, 292 (1995); see also 15 U.S.C. §§ 1692, *et seq.*  To state a claim
3  for violation of the FDCPA, a plaintiff must allege that the defendant is a "debt collector"
4  collecting a "debt."  Uyeda v. J.A. Cambece Law Office, P.C., 2005 U.S. Dist. LEXIS 9271, at *7
5  (N.D. Cal. May 16, 2005).  A "debt collector" under the FDCPA is a person whose "principal
6  purpose" is the collection of debts, or who "regularly collects or attempts to collect . . . debts."  15
7  U.S.C. § 1692a(6) (2009).  This definition excludes persons who collect debts "to the extent such
8  activity . . .(ii) concerns a debt which was originated by such person; [or] (iii) concerns a debt
9  which was not in default at the time it was obtained by such a person."  Id. § 1692a(6)(f).
10 Defendant Saxon, the loan servicer, is not a debt collector within the meaning of the law.  "The
11 legislative history of section 1692a(6) indicates conclusively that a debt collector does not include
12 . . . a mortgage servicing company . . . ."  Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir.
13 1985).  Plaintiff therefore cannot successfully allege an FDCPA violation against Saxon.

14 VI.    Plaintiff's Claim that Saxon Lacked Authority to Foreclose on the Property

15     Plaintiff appears to allege that defendants lacked authority to foreclose under the deed
16 because defendants did not show him proof they were in possession of the original note. (Compl. ¶
17 V.)  California Civil Code §§ 2924-2924k provide a "comprehensive framework for the regulation
18 of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust."  Moeller
19 v. Lien, 25 Cal. App. 4th 822, 830 (Cal. Ct. App. 1994).  Under this framework, nonjudicial
20 foreclosure proceedings may be instituted by "the trustee, mortgagee, or beneficiary, or any of
21 their authorized agents" by filing a notice of default with the office of the recorder.  Cal. Civ. Code
22 § 2924(a)(1) (2008).  No less than three months after the filing of the notice of default, a notice of
23 sale may be given by "the mortgagee, trustee, or other person authorized to take the sale."  Cal.
24 Civ. Code § 2924(a)(3) (2008).  There is no requirement that the original note be in possession of
25 or produced by the foreclosing party.  Plaintiff's claim is not legally cognizable, and is therefore
26 dismissed.

1  VII.    Injunctive Relief

2       The Complaint requests "a temporary restraining order, a preliminary injunction, and a
3  permanent injunction" enjoining defendants from proceeding with the foreclosure process.
4  (Compl. ¶ IX.)  The Court finds that injunctive relief is not presently warranted, because the
5  Complaint does not set forth the appropriate legal standard for injunctive relief or present any
6  argument that plaintiff's situation meets that standard.  See Stuhlbarg Intern. Sales Co. v. John D.
7  Brush and Co., 240 F.3d 832, 839-840 (9th Cir. 2001) (holding a preliminary injunction is
8  appropriate if the moving party establishes either (1) a combination of probable success on the
9  merits and the possibility of irreparable injury; or (2) serious questions going to the merits of the
10 case and the balance of hardships tips sharply in favor of the moving party).

11                                              **CONCLUSION**

12      Saxon's motion to dismiss is GRANTED.  Each claim is dismissed without prejudice.
13 Plaintiff may file an amended complaint within thirty (30) days of the date of this order addressing
14 the deficiencies set forth herein.

15 **IT IS SO ORDERED.**

17 **DATED: March 16, 2009**

18                                              _____
                                                **IRMA E. GONZALEZ, Chief Judge**
19                                              **United States District Court**